IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: ___________- Civ

GISELA LLANES,

Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINES

Defendant.
_______________________________/

**COMPLAINT FOR DAMAGES**

COMES NOW, the Plaintiff, GISELA LLANES, by and through the undersigned counsel and sues the Defendant, NCL (BAHAMAS) LTD., A Bermuda Company, doing business as NORWEGIAN CRUISE LINES hereinafter "NORWEGIAN", and alleges as follows:

1. This Claim is an action involving the diversity of citizenship of the parties as more fully described below and for damages in excess of $75,000.00. Alternatively, this case falls within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. 1333.

2. The Plaintiff, GISELA LLANES, is a resident of Miami-Dade County, Florida.

3. This Court has personal jurisdiction over the Defendant, NORWEGIAN, and venue is proper in this Court as the Defendant, a Bermuda Company, operates a passenger cruise ship line from its' principle place of business which is located in Miami-Dade County, Florida. Moreover, the claims asserted herein are directly related to and arise from the operation of such passenger cruise ship line. Further, NORWEGIAN, expressly limited Plaintiff's claim to this forum in the express language of the contract for carriage, the ticket sold for Plaintiffs passage. Further,

NORWEGIAN's ticket indicates there is a one-year (1) statute of limitations to bring claims.

4. At all times material herein, the Defendant, NORWEGIAN, owned, operated, and/or otherwise controlled the passenger ship "THE NORWEGIAN ESCAPE." Accordingly, NORWEGIAN is a common carrier of passengers by water for hire.

5. At all times material hereto, the Plaintiff, GISELA LLANES, was a fee paying passengers on the "NORWEGIAN ESCAPE" pursuant to the purchase of the aforementioned passenger ticket.

6. On or about June 23, 2016 the Plaintiff, GISELA LLANES, boarded NORWEGIAN's vessel, the "NORWEGIAN ESCAPE".

7. On or about June 23, 2016, at approximately 4:30 pm, the Plaintiff and her daughter went on the green and blue enclosed water slides / tube slides aboard the "ESCAPE". Plaintiff was on the green slide and her daughter was on the blue slide.

8. The Plaintiff entered the green slide, an enclosed water slide, on the day in question. One of Defendant's employees was on the top of the slide helping people into the slide.

9. The Plaintiff entered the slide and about halfway through the slide she became stuck in the slide / tube because of a mechanical / engineering failure within the slide. Plaintiff, remaining calm, began to yell to indicate to the Defendant's employees she was stuck in the middle of the tube. She also then began to try to exit the tube through an emergency exit but could not do so.

10. The Plaintiff kept yelling to alert the Defendant that she was still stuck in the middle of the slide.

11. Defendant's employee on top of the slide was supposed to determine that no one else

was in the tube / slide before sending another passenger down the same tube / slide. Further, Defendant's employee on the **bottom** of the slide was supposed to make sure that anyone entering the slide / tube exited it. Essentially, the two employees for the Defendant – on the top of the slide and on the bottom of the slide – were supposed to communicate with each other to make sure that only one person was in the slide / tube at all times. If more than one person were in the slide / tube at the same time, or as in this case if someone was stuck in the slide / tube, and another passenger went down the tube / slide serious injuries could occur.

12. Eventually, while Plaintiff was stuck in this tube / slide trying to get herself out of it the Defendant's employees sent a second passenger down the same tube / slide without making sure Plaintiff had already exited the tube / slide.

13. As a result the second passenger who went down the tube / slide after the Plaintiff crashed into her – as she was stuck in the middle of the slide / tube- and both suffered serious injuries.

14. Eventually, both Plaintiff and the second passenger were both extricated from the slide from the emergency "loop" / hatch.

15. Plaintiff reported her injuries and was taken immediately to the infirmary.

16. It is the Plaintiff's understanding that this has occurred previously on the Defendant's ships, specifically this ship, before Plaintiff's injuries and that Defendant was absolutely aware of this but failed to act.

17. Plaintiff was eventually given some pain killers and remained in pain and injured for the remainder of her cruise.

18. Upon her return home Plaintiff immediately went to the emergency room. At the

emergency room she was diagnosed with a fractured nose and contusions to her left hip and left ankle.

19. After a few weeks her hip and ankle were not getting better and as such Plaintiff visited an orthopedic specialist for those injuries. She was diagnosed with a left ankle bruise, swelling, and limping of the left leg. She was prescribed an MRI, medication, an ankle brace, and home exercise, as well as ice, rest, and elevation of the leg.

20. The MRI revealed the Plaintiff, as a result of this incident, had sprained her ATFL and CTE deltoid ligaments in her left lower ankle as well as suffering multiple bone bruises to her distal tibia and Talar neck / head. Her injuries require on-going medical care up to and including the present time. These injuries are permanent in nature and Plaintiff will also require future medical care as a result of this incident.

## COUNT I

## NEGLIGENCE AS TO THE DEFENDANT NORWEGIAN

The Plaintiff, BETTY ARNOLD, re-allege paragraphs 1-20 as if fully stated herein:

21. As a result of Plaintiff's status aboard the vessel as a fare paying passenger, NORWEGIAN, at all times material hereto owed the Plaintiff, GISELA LLANES, a duty to exercise reasonable care in the operation and maintenance of the vessel. Accordingly, NORWEGIAN, at all times material hereto owed all of its passengers, and the Plaintiff, GISELA LLANES, in particular, the duty to maintain a reasonable and safe vessel. This would include the duty maintain a reasonably vessel, use safe and appropriate equipment, hire competent help, and maintain and repair said vessel in a timely manner to avoid incidents as described above, and to prevent injuries as mentioned above. This would include an appropriate functioning water slide / tube and the hiring of competent crew to

monitor it.

22. The negligence of the Defendant, NORWEGIAN, its' agents, and servants which caused Plaintiff, GISELA LLANES, to become injured on June 23, 2016, consists of the following:

a) Allowing a malfunctioning piece of equipment to create an unreasonably safe condition, to wit a faulty water slide which caused the Plaintiff to become stuck in the middle of the slide, and / or failing to have appropriate safety and equipment repair rules, regulation, and procedures in place to prevent this incident all of which contributed to this incident;

b) Negligently allowing a dangerous and unsafe condition to exist to wit: a faulty water slide which caused and contributed to this incident as described above;

c) Creating a defective, hazardous, and unreasonably safe condition to wit: a faulty water slide by failing to timely repair, inspect, and replace this malfunctioning piece of equipment which caused this accident as described above and this despite Defendant being on notice of the defective condition **from prior incidents**, which if had been performed in a timely manner would have prevented this incident;

d) Negligently failing to warn the passengers, and in particular the Plaintiff, of a dangerous and hazardous condition which it knew, or should have known, existed ie the faulty water slide which was a malfunctioning piece of equipment, again despite being on notice of the condition **from prior incidents,** and failing to warn Plaintiff of it's dangerous propensities;

e) Failing to train its employees, agents, and/or representatives, and failing to have adequate procedures in place, on how to properly maintain the waters slide as described above to avoid serious injuries as described above. This would include allowing incompetent and negligent employees to

improperly monitor this slide as described above and further including but not limited to failing to have competent employees at both the top and bottom of this slide who would appropriately communicate with each other but instead allowed a second passenger down the slide, despite Plaintiff not exiting the slide, and as such causing a second passenger to crash into her and in the process injured both himself and the Plaintiff;

f) Failing to keep the water slide / tube described above in a reasonably safe condition and/or failing to have appropriate safety rules and procedures in place for passengers so that two passengers did not go on the same slide at the same time causing a potential serious injury as it did in this claim;

g) Negligently failing to make reasonable inspections of the water slide / tube where Plaintiff was injured to prevent Plaintiff and other passengers from becoming injured; and

h) Negligently failing to train its' employees, agents, and/or representatives, and failing to have adequate procedures in place, to properly maintain and monitor the slide where Plaintiff was injured to avoid passenger injuries.

23. As a direct and proximate result of the foregoing breaches of its duty to Plaintiff, BETTY ARNOLD, suffered and continues to suffer injuries and damages alleged below and further requires on-going, extensive medical care.

24. As a direct and proximate result of this breach, the Plaintiff, GISELA LLANES, suffered bodily injury, which caused and continues to cause her pain and suffering, mental anguish both past and present, scarring – including a fractured nose and injured ankle / hip, aggravation of pre-existing conditions, emotional distress and loss of capacity for the enjoyment of life as well as both past and future wage loss. Further, the Plaintiff has incurred the costs of medical care and

treatment, both past and future. All of these damages and injuries are permanent and continuing in nature and she will suffer them into the future.

**COUNT II – PUNITIVE DAMAGES**

The Plaintiff, BETTY ARNOLD, re-allege paragraphs 1-20 as if fully stated herein:

25. The dangers of propelling one passenger into and down the water slide at such a high rate speed if the passenger were to collide with another passenger stuck inside are so grave that Defendant, a reasonably prudent cruise ship operator should of done, should have invested more time and money in addressing and eliminating these risks. As set forth in the introductory allegations, they did not, resulting in the injuries in this case.

26. Defendant's actions, including those of their agents/employees were intentional, and the manner in which the water slide was maintained and run can only be described as a reckless endangering of passengers safety and lives, and reflects a total disregard for the lives and safety of the passengers.

27. Punitive damages should be assessed against the Defendant to punish Defendant and deter Defendant from continuing with unsafe practices, and hopefully result in the Defendant making the water slide safer for all future passengers who partake in the activity.

**WHEREFORE**, Plaintiff, GISELA LLANES demands judgment against Defendant, NORWEGIAN for punitive damages in additional to compensatory damages, to be assessed by a jury, and for any other relief deemed just and appropriate, excess in an amount and excess of

seventy- five thousand dollars ($75,000.00), exclusive of interest and costs, pre and post judgment interest and requests a trial by jury of all issues so trial able.

Dated: this 6th, day of April, 2017.

Respectfully submitted,

/s Louis A. Vucci, Esq.
Louis Vucci, Esq.,
Fla. Bar No.:131581
Louis@thevuccilawgroup.com
Louis A. Vucci, PA
Attorney for the Plaintiff
8101 Biscayne Boulevard
Suite 311
Miami, Florida 33138
Tel. (305) 573-0125
Facsimile (786) 536-7799